UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEANIE L. T.,

                Plaintiff,

   v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

CASE NO. 3:24-CV-5963-DWC

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the denial of her application for Supplemental Security Income (SSI) benefits. Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court finds no reversible error and affirms the Commissioner's decision to deny benefits.

## I.   BACKGROUND

Plaintiff filed applied for SSI on April 27, 2023. Administrative Record (AR) 17. Her alleged date of disability onset is December 31, 2022. *Id.* Her requested hearing was held before an Administrative Law Judge (ALJ) on June 27, 2024. AR 34–63. On July 17, 2024, the ALJ

1  issued a written decision finding Plaintiff not disabled. AR 14–33. The Appeals Council declined

2  Plaintiff's timely request for review, making the ALJ's decision the final agency action subject

3  to judicial review. AR 1–6. On November 22, 2024, Plaintiff filed a Complaint in this Court

4  seeking judicial review of the ALJ's decision. Dkt. 4.

## II.   STANDARD

6      Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

7  benefits if, and only if, the ALJ's findings are based on legal error or not supported by

8  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

9  Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.   DISCUSSION

11     In her opening brief, Plaintiff contends the ALJ failed to properly consider the medical

12  opinions of Matthew Chance, NP, and David Morgan, PhD. Dkt. 12.

13     For applications, like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give

14  any specific evidentiary weight, including controlling weight, to" particular medical opinions,

15  including those of treating or examining sources. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

16  Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's

17  persuasiveness, considering each opinion's "supportability" and "consistency," and, under some

18  circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§

19  404.1520c(b)–(c), 416.920c(b)–(c). Supportability concerns how a medical source supports a

20  medical opinion with relevant evidence, while consistency concerns how a medical opinion is

21  consistent with other evidence from medical and nonmedical sources. 20 C.F.R. §§

22  404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2).

23

24

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 2

1    **A.    NP Chance**

2         Treating provider NP Chance completed an opinion in June 2024. AR 937–38. Aside

3    from deferring to his opinion that Plaintiff was limited to light work, the ALJ found the opinion

4    unpersuasive. *See* AR 25–26. The ALJ gave sufficient reasons for doing so.

5         NP Chance opined Plaintiff was limited to less-than-occasional handling with both

6    extremities. AR 1938. The ALJ found this "excessive compared to the imaging findings of mild

7    to moderate arthritic changes, with the physical examinations showing some mild swelling at

8    times, but otherwise full strength, range of motion, and normal gait." AR 25.

9         The ALJ reasonably found the less-than-occasional handling limitation inconsistent with

10   the medical evidence. As the ALJ noted (AR 23), the only relevant imaging in the record

11   involved a 2023 x-ray that showed mild-to-moderate arthritic changes in Plaintiff's right hand

12   (which appears several times in the record, *see* AR 635, 751, 1675–77). This does little to

13   explain why Plaintiff would have handling limitations in her left upper extremity, and the ALJ

14   reasonably found notations of Plaintiff's arthritic changes as being mild-to-moderate were

15   inconsistent with less-than-occasional handling with her right extremity.

16        The ALJ could also find the physical examinations inconsistent with the handling

17   limitation. As the ALJ discussed, some appointments found Plaintiff had mild swelling (*see* AR

18   642, 1681) but others noted no swelling in Plaintiff's upper extremities (*see* AR 667, 800, 1791,

19   1809–10). A few examinations noted swelling in specific fingers (*see* AR 705, 918) but handling

20   involves "working primarily with the whole hand" rather than specific fingers (*see* SSR 85-15).

21   The ALJ could reasonably find the mostly normal physical examinations and few notations of

22   mild swelling inconsistent with the less-than-occasional handling limitation.

23

24

While Plaintiff argues the ALJ's consistency finding was erroneous because it ignored that another treating source, Jessica Dibari, DO, noted "arthritis causes joint pain" (*see* Dkt. 12 at 5, AR 532), Dr. Dibari opined Plaintiff would have no limitations in handling involving her upper extremities (*see* AR 533). This does not support Plaintiff's contention.

NP Chance also opined Plaintiff would, "on average," miss four or more days per month because "in the past she has had to miss as much as 1.5 weeks of work." AR 1937. The ALJ properly found this explanation did not support the opined limitation. *See* AR 25. The extent to which Plaintiff missed work at one point in the past does not suggest the average amount she would miss work in the future.

Finally, NP Chance opined Plaintiff would "sometimes" have to elevate her legs. AR 1937. The ALJ properly found this was a vague limitation and discounted it accordingly. *See* AR 25; *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (upholding ALJ determination that descriptions "were not useful because they failed to specify Ford's functional limits," from which "the ALJ could reasonably conclude [those limitations] were inadequate for determining RFC"). NP Chance's comment that Plaintiff's knee pain worsens with standing and stiffens with sitting (AR 1937) was a statement about the severity of Plaintiff's symptoms rather than a portion of his medical opinion (*see* 20 C.F.R. § 404.1513(a)(2)–(3)) and, nonetheless, would have been factored into NP Chance's opinion that Plaintiff could perform light work, which the ALJ accepted.

Plaintiff also contends the ALJ erred by failing to address the supportability factor (Dkt. 12 at 5–6), but this is, at best, harmless error. *See Woods*, 32 F.4th at 792–93 (finding proper consideration of one of supportability-and-consistency factors to be adequate basis to affirm); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (error inconsequential to

non-disability determination is harmless). The ALJ did not reversibly err in considering NP Chance's opinion.

**B.    Dr. Morgan**

Consulting examiner Dr. Morgan completed an opinion in June 2023. AR 729–33. He opined Plaintiff had marked limitations in most work-related abilities, including her abilities to perform activities in a schedule, adapt to changes, make simple decisions, ask simple questions, communicate and perform effectively, and maintain appropriate behavior. *See* AR 731.

The ALJ found Dr. Morgan's opinion unpersuasive, relying upon a medical opinion submitted by Michael Jenkins-Guarnieri, MD. *See* AR 27. Dr. Jenkins-Guarnieri completed a Review of Medical Evidence form for the Washington State Department of Social and Health Services (DSHS) wherein he discussed Dr. Morgan's findings. AR 761–63. He reviewed the medical evidence, describing evidence of malingering, evidence that situational stressors exacerbated her symptoms, and Plaintiff's background and work history. *See id.* Based on this evidence, he recommended Dr. Morgan's opinion be modified to include only mild and moderate limitations and indicated Plaintiff's mental conditions were unlikely to last more than ten months with proper treatment. AR 762. The ALJ found Dr. Jenkins-Guarnieri's opinion persuasive and relied upon its rationale in discounting Dr. Morgan's opinion. *See* AR 27.

This was a proper basis on which to reject the opinion. A medical opinion may be properly discounted based on an inadequate perception of a claimant's conditions at the time it was rendered. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (ALJ properly discounted sources based on mistaken or inadequate view of record). The evidence discussed by Dr. Jenkins-Guarnieri cast substantial doubt on Dr. Morgan's opinion. Evidence of malingering suggests Plaintiff's reported history was unreliable. *See id.* Evidence of situational stressors

1    suggests Plaintiff's symptoms had causes other than her impairments. *See* 20 C.F.R. § 404.1545

2    (RFC incorporates only limitations from impairments).

3        Plaintiff's sole argument to the contrary is that the ALJ's reliance upon Dr. Jenkins-

4    Guarnieri's opinion violated 20 C.F.R. § 416.904 (Dkt. 12 at 10–11), under which "decision[s]

5    by any other government agency . . . about whether [a claimant is] disabled" are not binding and

6    require no analysis. However, Dr. Jenkins-Guarnieri's opinion was not a decision as to whether

7    Plaintiff was disabled. The form he submitted was not dispositive in any of DSHS's disability

8    decisions, nor did it call for his opinion as to whether Plaintiff was disabled. *See id.* Rather, it

9    was a "review of the medical evidence." AR 761. The Commissioner can consider "supporting

10   evidence," such as a medical opinion, "underlying" the decision of another government entity.

11   *See* 20 C.F.R. § 416.904.[1] Indeed, if § 416.904 bars consideration of Dr. Jenkins-Guarnieri's

12   opinion, then it would also bar consideration of Dr. Morgan's evaluation (completed on contract

13   with DSHS). *See* AR 729–34. The ALJ properly relied upon Dr. Jenkins-Guarnieri's opinion.

14       Having found the ALJ provided proper reasons for rejecting Dr. Morgan's opinion, the

15   Court need not consider the ALJ's remaining reasons as any error with respect to those reasons

16   would be harmless. *See Stout*, 454 F.3d at 1054–56.

17       Furthermore, the ALJ properly found Dr. Jenkins-Guarnieri's opinion more persuasive

18   than Dr. Morgan's because Dr. Morgan "was more vague in his record review." AR 26–27; 20

19   C.F.R. §§ 404.1520c(b)(3), (c)(5) (ALJ can find an opinion more persuasive than another based

20

21   _____

     [1] Both cases relied upon by Plaintiff in her Reply Brief (Dkt. 15 at 3–4) are distinguishable. *Darrel M. v. Saul*, 2019

22   WL 10301640 at *13 (W.D. Wash. Nov. 14, 2019), involved "a State court decision finding plaintiff entitled to
     ABDA benefits," which is readily described as a "decision by [another] government agency" on whether she is

23   disabled, 20 C.F.R. § 416.904. *Russell S. v. Commissioner of Social Security*, 2021 WL 5162009 at *3 (W.D. Wash.,
     2021), involved an ALJ who noted a state agency opinion was based on state agency rules, but the Court did not
     suggest this was proper or improper, instead considering the ALJ's remaining reasons for rejecting the opinion. The

24   ALJ's dictum there does not bind the Commissioner here.

on knowledge of longitudinal record). Even if the ALJ erred in finding Dr. Morgan's opinion unpersuasive, then, the ALJ's decision would not be affected, as the ALJ reasonably found Dr. Jenkins-Guarnieri's opinion to be more persuasive, and largely credited that opinion. For this reason, any error committed with respect to Dr. Morgan's opinion is harmless, as the Court is "able to conclude from the record that the ALJ would have reached the same result absent the error." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby **AFFIRMS** Defendant's decision denying benefits.

Dated this 6th day of June, 2025.

David W. Christel
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 7